IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALLEN OLDCROFT,                          )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )      Cause No. _____
                                         )
SGT. RICHARD BATTELLE                    )
ST. LOUIS COUNTY POLICE DEPT.,           )      **(42 U.S.C. 1983 Claim for Excessive Force**
individually;                            )      **and Supplemental State Law Claims**)
                                         )
DET. ROBERT BAYES,                       )
ST. LOUIS COUNTY POLICE DEPT.,           )      **JURY TRIAL DEMANDED**
individually;                            )
                                         )
DET. MATTHEW BRILLOS,                    )
ST. LOUIS COUNTY POLICE DEPT.,           )
individually;                            )
                                         )
DET. TIMOTHY BURKE,                      )
ST. LOUIS COUNTY POLICE DEPT.,           )
individually;                            )
                                         )
DET. WILLIAM GARRETT,                    )
ST. LOUIS COUNTY POLICE DEPT.,           )
individually;                            )
                                         )
DET. FRANCIS (JUAN) GOMEZ,               )
ST. LOUIS COUNTY POLICE DEPT.,           )
individually;                            )
                                         )
JEROME PASZKIEWICZ,                      )
ST. LOUIS COUNTY POLICE DEPT.,           )
individually;                            )
                                         )
DET. MIGUEL MARTINEZ,                    )
ST. LOUIS COUNTY POLICE DEPT.,           )
individually;                            )
                                         )
DET. THOMAS NOONAN,                      )
ST. LOUIS COUNTY POLICE DEPT.,           )
individually;                            )

P.O. JESSICA PLEMON, )
ST. LOUIS COUNTY POLICE DEPT., )
individually; )
)
COL. JERRY LEE, )
ST. LOUIS COUNTY POLICE DEPT., )
individually; )
)
ST. LOUIS COUNTY, )
a local governmental entity; )
)
and )
)
JOHN AND JANE DOES )
)
          Defendants. )
_____)

## **COMPLAINT**

Comes Now, Plaintiff, Allen Oldcroft ("Oldcroft"), by his counsel, Gilbert C. Sison, and for his Complaint states as follows:

### **INTRODUCTION**

1.    This is a civil action seeking money damages against the above-named Defendants and John and Jane Doe Defendants for committing acts, under color of state law, which deprived Oldcroft of rights secured under the Constitution and laws of the United States and the State of Missouri and for refusing or neglecting to prevent such deprivations and denials to Oldcroft.

### **PARTIES**

2.    Oldcroft is a citizen and resident of the State of Missouri.

3.    Defendants Battelle, Bayes, Brillos, Burke, Garrett, Gomez, Paszkiewicz, Martinez, Noonan and Plemon were at all relevant times related to this Complaint officers in the employ of

the St. Louis County Police Department.

4.     Defendant Lee, at all relevant times related to this Complaint, was the Chief of Detectives of the Division of Criminal Investigation for the St. Louis County Police Department with responsibility for managing and directing the bureaus and units for which the Defendants listed in Paragraph 3 worked.

5.     Defendant St. Louis County is a local governmental entity under the laws of the State of Missouri.  Said Defendant constitutes the official policymaker for the St. Louis County Police Department in all matters alleged herein, with the power and duty to control, supervise and discipline the conduct of St. Louis County Police officers.

6.     The true names, identities and capacities for those referred to as John/Jane Doe Defendants are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities of said Defendants when the same have been ascertained.  Plaintiff is informed and believes and based thereon alleges that each said fictitiously named Defendant is in some way legally responsible for the wrongs more fully set forth below.  In addition to being individuals, said John/Jane Doe Defendants may be partnerships, limited liability partnerships, corporations and limited liability corporations.

## JURISDICTION

7.     This Court has jurisdiction of this action under 28 U.S.C. §§1331 and 1343 (a)(3).

8.     Plaintiff's claims arise under the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Missouri.   Plaintiff's rights therein may be redressed pursuant to 42 U.S.C. §§1983 and 1988.  Plaintiff further invokes the supplemental

jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. §1367.

<u>**EVENTS COMMON TO ALL COUNTS**</u>

9.      On October 30, 2003, Defendants Battelle, Bayes, Brillos, Burke, Garrett, Gomez, Paszkiewicz, Martinez, Noonan and Plemon were investigating alleged on-going acts of prostitution as part of a special investigation unit of the St. Louis County Police Department.

10.     Said Defendants responded to a LaQuinta Inn Hotel in Maryland Heights, Missouri, after Defendant Bayes had set up a meeting at that hotel over the telephone with one of the individuals working for an escort service allegedly run by Oldcroft.

11.     Prior to responding to the LaQuinta Inn, Defendants Battelle, Brillos, Bayes, Gomez, Garrett and Plemon had performed a sting operation at another hotel that same night wherein they called the number for the escort service allegedly run by Oldcroft.  Based on this operation, the aforementioned Defendants arrested two suspects who were allegedly working for Oldcroft.  The two suspects allegedly provided statements to these Defendants, which apparently implicated Oldcroft with respect to promoting prostitution activities.

12.     Defendants Battelle, Bayes, Brillos, Burke, Garrett, Gomez, Paszkiewicz, Martinez, Noonan and Plemon were stationed at different locations at the LaQuinta Inn awaiting Oldcroft's arrival.

13.     Oldcroft arrived at the LaQuinta Inn hotel with two other female individuals. Soon thereafter, he was confronted by Defendants Brillos and Battelle near the vending machines in the lobby.  Oldcroft and the other two individuals were arrested and placed in handcuffs

4

without incident.  Oldcroft's Miranda rights were not read to him, nor was he told what he was being arrested for.

14.     Oldcroft was taken up in the elevator to a suite where the other Defendants were waiting.  The other two female individuals that had originally accompanied Oldcroft were taken to a hotel room across from the suite.

15.     Defendants Brillos and Battelle placed Oldcroft into the suite and sat him down on the hotel bed and immediately warned Oldcroft that if he told them what they wanted to hear, there would be no problem.  Defendants Bayes and Paszkiewicz were also present in the room.

16.     The other Defendants were present in the room opposite the suite.  The door to both hotel rooms was open and the Defendants in the other room could hear everything that was going on in the suite where Oldcroft was located.

17.     When Oldcroft refused to make a statement, Defendants Battelle, Bayes, Brillos and Paszkiewicz took turns beating and abusing him.  During the beating, Oldcroft was crying out in pain and yelling for assistance.  The other Defendants in the hotel room opposite the suite did nothing to intervene.

18.     Defendants Battelle, Bayes, Brillos and Paszkiewicz delivered multiple blows to Oldcroft's head, back and side while he was handcuffed.

19.     Oldcroft kept pleading with the aforementioned Defendants to stop and continually asked them why they were doing this to him.  Said Defendants, however, continued to beat him.  Despite hearing all of this commotion, the other Defendants in the hotel room opposite the suite again did nothing to intervene.

20.    After each blow was delivered, Defendants Battelle, Bayes, Brillos and Paszkiewicz would stop to ask Oldcroft whether he was involved in promoting prostitution. When he said no or refused to answer, they would continue beating Oldcroft.

21.    At one point, Oldcroft asked for an attorney, but the aforementioned Defendants laughed it off saying that he could not afford an attorney.

22.    After Oldcroft still refused to cooperate, the handcuffs were removed and he was taken to the bathroom of the suite where one of the Defendants filled the bathtub with water. Once in the bathroom, Defendant Paszkiewicz dunked Oldcroft's head into the water and held it down for approximately 8-10 seconds.   Defendant Paskiewicz pulled Oldcroft back up for air and brought him back to the bed and again asked him if he was willing to cooperate.  When he refused, Oldcroft was brought back to the bathroom where his head was dunked back in the water again.  This happened a total of three times.

23.    The final straw came when the Defendants pulled out a ring piercing that Oldcroft had in his lip.  After yanking it out, Oldcroft's mouth began to bleed profusely, at which point he relented and admitted to being involved in prostitution activities.  At no point during this entire affair did the Defendants in the hotel room opposite the suite do anything to stop the other officers from beating Oldcroft.

24.    In order to avoid more beatings, Oldcroft made a written confession and signed a consent form allowing the Defendants to search his house and vehicle.

25.    After he had written out his confession and signed the consent forms, Oldcroft was driven by one of the Defendants in an unmarked vehicle to his residence in St. Charles,

6

Missouri.

26.    The other Defendants responded to his residence and began to ransack his apartment. During the search, the Defendants took Oldcroft's money, jewelry and other personal effects.

27.    After the search was completed, Oldcroft was taken to a police substation on Page. He was then taken to Clayton, where several hours later he was able to post bond.

28.    Oldcroft sought treatment for his injuries the very next day at Barnes-Jewish Hospital in St. Peters, Missouri.

## COUNT I – EXCESSIVE FORCE (VIOLATION OF FOURTH AMENDMENT)
### (Against Defendants Battelle, Bayes, Brillos and Paszkiewicz
### in their individual capacities)

29.    By this reference, Oldcroft incorporates each and every allegation set forth in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30.    The force used by Defendants Battelle, Bayes, Brillos and Paszkiewicz during Oldcroft's arrest and detention was unreasonable in light of the circumstances in that it had no relation whatsoever to subduing or bringing Oldcroft under control in that Oldcroft was not resisting arrest. Rather, the force applied by the aforementioned Defendants was for the improper purpose of coercing his confession and cooperation.

31.    As a direct and proximate result of the unlawful and malicious physical abuse of Oldcroft by Defendants Battelle, Bayes, Brillos and Paszkiewicz committed under color of law and under each individual's authority as a St. Louis County police officer, Oldcroft suffered grievous bodily harm and was deprived of his right to be secure against the unlawful and

7

unreasonable seizure of his person and the use of excessive force, in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

32.    As a direct and proximate result of the malicious and outrageous conduct of Defendants Battelle, Bayes, Brillos and Paszkiewicz, Oldcroft suffered severe injuries and damages, including, but not limited to, bruises, contusions, and lacerations to his head, face and torso.  Oldcroft's body was also rendered weak, stiff, and sore, causing him great pain, mental anguish, fear, and consternation.

33.    The acts of Defendants Battelle, Bayes, Brillos and Paszkiewicz were intentional, wanton, malicious and oppressive, thus entitling Oldcroft to an award of punitive damages against said Defendants in their individual capacities.

34.    If Oldcroft prevails, he is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Oldcroft prays for judgment against Defendants Battelle, Bayes, Brillos and Paszkiewicz, jointly and severally, for an award of compensatory damages that is just and reasonable and for punitive damages, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II – EXCESSIVE FORCE (VIOLATION OF SUBSTANTIVE DUE PROCESS)
**(Against Defendants Battelle, Bayes, Brillos and Paszkiewicz in their individual capacities)**

35.    By this reference, Oldcroft incorporates each and every allegation set forth in paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36.    Defendants Battelle, Bayes, Brillos and Paszkiewicz used excessive force in arresting Plaintiff, and in doing so, deliberately intended to cause harm and injury to Oldcroft

8

unrelated to the legitimate object of using the necessary amount of force to subdue him and place him under arrest. Instead, their purpose was to coerce Oldcroft's confession and cooperation.

37.    Defendant Battelle's, Bayes', Brillos' and Paszkiewicz's use of excessive force against Oldcroft was shocking to the conscience in that it amounted to an arbitrary abuse of the power entrusted in them to serve and protect the public.

38.    As a direct and proximate result of the unlawful, intentional and malicious physical abuse of Oldcroft by Defendants Battelle, Bayes, Brillos and Paszkiewicz committed under color of law and under each individual's authority as a St. Louis County police officer, Oldcroft suffered grievous bodily harm and was deprived of his right to substantive due process, in violation of the Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

39.    As a direct and proximate result of the intentional, malicious and outrageous conduct of Defendants Battelle, Bayes, Brillos and Paszkiewicz, Oldcroft suffered severe injuries and damages, including, but not limited to, bruises, contusions, and lacerations to his head, face and torso. Oldcroft's body was also rendered weak, stiff, and sore, causing Plaintiff great pain, mental anguish, fear, and consternation.

40.    The acts of Defendants Battelle, Bayes, Brillos and Paszkiewicz were intentional, wanton, malicious and oppressive, thus entitling Oldcroft to an award of punitive damages against said Defendants in their individual capacities.

41.    If Oldcroft prevails, he is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Oldcroft prays for judgment against Defendants Battelle, Bayes, Brillos and Paszkiewicz, jointly and severally, for an award of compensatory damages that is just and reasonable and for punitive damages, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT III – FAILURE TO INTERCEDE
### (Against Defendants Burke, Garrett, Gomez, Martinez, Noonan and Plemon in their individual capacities)

42.    By reference, Oldcroft incorporates each and every allegation and averment set forth in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.    While Defendants Battelle, Bayes, Brillos and Paszkiewicz were beating Oldcroft, Defendants Burke, Garrett, Gomez, Martinez, Noonan and Plemon were in the next room and could hear everything.

44.    Defendants Burke, Garrett, Gomez, Martinez, Noonan and Plemon ignored Oldcroft's cries for help as they did nothing to stop the beating administered by Defendants Battelle, Bayes, Brillos and Paszkiewicz.  Rather, said Defendants willingly turned a blind eye to the abuse despite knowing what was happening to Oldcroft.

45.    Based on the screams and cries for help coming from Oldcroft, Defendants Burke, Garrett, Gomez, Martinez, Noonan and Plemon knew that the force being used against Oldcroft was unreasonable and excessive in light of the circumstances.  They also knew that the force being used against Oldcroft was for an improper purpose, namely to coerce Oldcroft's confession and cooperation.

46.    Defendants Burke, Garrett, Gomez, Martinez, Noonan and Plemon had numerous opportunities to intercede on behalf of Oldcroft and prevent the other Defendants

10

from subjecting Oldcroft to the use of excessive force and the right to substantive due process, in violation of the Fourth and Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

47.    As a direct and proximate result of Defendants' failure to intercede, Oldcroft was subjected to the unlawful and malicious physical abuse of his person by Defendants Battelle, Bayes, Brillos and Paszkiewicz committed under color of law and under each individual's authority as a St. Louis County police officer, and deprived Plaintiff of his right to be secure against the unlawful and unreasonable seizure of his person, the use of excessive force and the right to substantive due process, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

48.    As a direct and proximate result of the intentional, wanton and malicious conduct of Defendants Burke, Garrett, Gomez, Martinez, Noonan and Plemon in willfully ignoring Oldcroft's cries for help, Oldcroft suffered severe injuries and damages, including, but not limited to, bruises, contusions, and lacerations to his head, face and torso.  Oldcroft's body was also rendered weak, stiff, and sore, causing him great pain, mental anguish, fear, and consternation.

49.    Because the acts of Defendants Burke, Garrett, Gomez, Martinez, Noonan and Plemon were intentional, wanton, malicious and willful, Oldcroft is entitled to an award of punitive damages against said Defendants in their individual capacities.

50.    If Oldcroft prevails, he is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Oldcroft prays for judgment against Defendants Burke, Garrett, Gomez, Martinez, Noonan and Plemon, jointly and severally, for an award of compensatory that is just and reasonable and for punitive damages, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV – SUPERVISORY LIABILITY COGNIZABLE UNDER 42 U.S.C. §1983
### (Against Defendant Lee in his individual capacity)

51.    By reference, Oldcroft incorporates each and every allegation set forth in paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52.    At the time of the incident alleged in this Complaint, Defendant Lee served as Chief of Detectives of the Division of Criminal Investigation with responsibility for managing and directing the units and/or departments to which the other Defendants were assigned. Defendant Lee is currently the Chief of Police for the St. Louis County Police Department and has held that position since June 1, 2004.  As such, Defendant Lee is currently the highest ranking police officer for the St. Louis County Police Department.

53.    Upon information and belief and with reasonable opportunity for further investigation and discovery, during his tenure as Chief of Detectives, Defendant Lee received complaints about the conduct of Defendants Battelle, Bayes, Brillos, Paszkiewicz, Burke, Garrett, Gomez, Martinez, Noonan and Plemon and/or other officers of the St. Louis County Police Department over which he had supervisory authority regarding, among other things, their use of excessive or unreasonable force or abuse of power against other citizens, or in the exercise of due diligence would have perceived that Defendants Battelle, Bayes, Brillos, Paszkiewicz,

12

Burke, Garrett, Gomez, Martinez, Noonan and Plemon had conduct and disciplinary problems that posed a pervasive and unreasonable risk of constitutional injury to citizens like Oldcroft.

54.     As Chief of Detectives, Defendant Lee was responsible for the training, instruction, supervision, discipline and control of Defendants Battelle, Bayes, Brillos, Paszkiewicz, Burke, Garrett, Gomez, Martinez, Noonan and Plemon and other officers of the St. Louis County Police Department over which he had supervisory authority.

55.     Defendant Lee as Chief of Detectives knew or in the exercise of due diligence should have known that the conduct of Defendants Battelle, Bayes, Brillos, Paszkiewicz, Burke, Garrett, Gomez, Martinez, Noonan and Plemon as displayed towards Oldcroft in the incident, was likely to occur.

56.     Defendant Lee acting under color of law and within the scope and course of his employment, failed to take any preventative or remedial measures, including but not limited to disciplinary actions and training with respect to the proper use of police force, to guard against the conduct of Defendants Battelle, Bayes, Brillos, Paszkiewicz, Burke, Garrett, Gomez, Martinez, Noonan and Plemon, which is more fully set forth and described herein, and had Defendant Lee taken such measures, Oldcroft would not have suffered the deprivation of his rights as more fully set forth herein.

57.     The failure of Defendant Lee to take such measures amounted to gross negligence, deliberate indifference and/or tacit authorization of the offensive conduct and practices which directly caused the constitutional deprivations suffered by Oldcroft.

58.     Defendant Lee failed to train, instruct, supervise, and discipline Defendants and

13

the other officers of the St. Louis County Police Department that he had supervisory authority

over despite having knowledge of prior constitutional violations and misconduct by said officers,

and as a result, Oldcroft was deprived of his right to be secure against the unlawful and

unreasonable seizure of his person, the use of excessive force and the right to substantive due

process in violation of the Fourth and Fourteenth Amendments of the Constitution of the United

States and 42 U.S.C. §1983.

    59.    The acts of Defendant Lee were intentional, wanton, malicious and oppressive,

thus entitling Oldcroft to an award of punitive damages against said Defendant in his individual

capacity.

    60.    If Oldcroft prevails, he is entitled to an award of attorneys' fees and costs

pursuant to 42 U.S.C. §1988.

    WHEREFORE, Oldcroft prays for judgment against Defendant Lee for compensatory

damages in an amount that is just and reasonable and for punitive damages, plus costs of this

action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the

circumstances.

### COUNT V – FAILURE TO INSTRUCT, SUPERVISE AND CONTROL OFFICERS/IMPLEMENTATION OF UNCONSTITUTIONAL CUSTOM AND POLICY COGNIZABLE UNDER 42 U.S.C. §1983
**(Against Defendant St. Louis County)**

    61.    By this reference, Oldcroft incorporates each and every allegation and averment

contained in paragraphs 1 through 60 of this Complaint as though fully set forth herein.

    62.    At all times relevant to this Complaint, Defendants Battelle, Bayes, Brillos,

Paszkiewicz, Burke, Garrett, Gomez, Martinez, Noonan and Plemon were acting as agents and

14

employees of the St. Louis County Police Department, which, in turn, is an instrumentality of St. Louis County.

63.    Defendant St. Louis County is vested with the authority and has the duty to screen, train, supervise, discipline and otherwise control the officers of the St. Louis County Police Department. Defendant St. Louis County has effectively abrogated or delegated the power to so screen, train, supervise, discipline, and control the officers of the St. Louis County Police Department by failing to act in the face of transgressions of which Defendant St. Louis County knew or should have known. As the official policymaking body for the St. Louis County Police Department, Defendant St. Louis County has the power and responsibility to prevent the existence of the policies and practices described herein and has refused to do so. The failure of Defendant St. Louis County to prevent constitutionally violative conduct through appropriate disciplinary actions and the institution of adequate training programs as described herein caused the constitutional deprivations that have been suffered by Oldcroft.

64.    Upon information and belief and with reasonable opportunity for further investigation and discovery, Defendant St. Louis County has received previous complaints about the conduct of Defendants Battelle, Bayes, Brillos, Paszkiewicz, Burke, Garrett, Gomez, Martinez, Noonan and Plemon and/or other officers of the St. Louis County Police Department regarding, among other things, their use of excessive or unreasonable force or abuse of power against other citizens, or in the exercise of due diligence should have perceived that Defendants Battelle, Bayes, Brillos, Paszkiewicz, Burke, Garrett, Gomez, Martinez, Noonan and Plemon and/or other officers of the St. Louis County Police Department had conduct and disciplinary problems that posed a pervasive and unreasonable risk of constitutional injury to citizens like Oldcroft.

15

65.    Despite having knowledge of such complaints, Defendant St. Louis County did not effectively and appropriately discipline Defendants Battelle, Bayes, Brillos, Paszkiewicz, Burke, Garrett, Gomez, Martinez, Noonan and Plemon and/or other officers of the St. Louis County Police Department for such conduct, thus evidencing an unwritten policy and/or custom on the part of Defendant St. Louis County that it would not seriously investigate or act on citizen complaints regarding the use of excessive force, abuse of power and other similar types of misconduct by its police officers.  For example, in the face of such complaints, officers would either not be disciplined at all or would be "temporarily" reassigned or placed on leave so that it would appear that citizens' complaints were being addressed.  However, after a brief "cooling off" period to give the complaint time to subside, the offending officer is simply returned to duty as if nothing had ever happened.

66.    Defendant St. Louis County's failure to discipline and control its officers, despite knowledge of their unlawful pattern and practices, amounted to deliberate indifference to the rights of its citizens to be secure against the unlawful and unreasonable seizure of their person, the use of excessive force and the right to substantive due process in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.  Defendant St. Louis County's unwritten policy further evidences a conscious disregard for its citizens' other constitutional and statutory rights as guaranteed by the United States Constitution and federal and Missouri law.

67.    Such deliberate indifference is tantamount to a tacit authorization of Defendant Battelle's, Bayes', Brillos', Paszkiewicz's, Burke's, Garrett's, Gomez's, Martinez's, Noonan's and Plemon's actions with respect to Oldcroft and was a proximate cause of the injuries suffered by

16

him.

68.   Nor did Defendant St. Louis County, upon noticing a pattern and practice of such conduct among its police officers, do anything to institute new and/or additional training programs for such officers in the performance of their duties.  For example, Defendant St. Louis County failed to institute new and/or additional training programs for its officers for the purpose of training them to refrain from:

(a)   Unlawfully striking a suspect who has been subdued and handcuffed; and

(b)   Otherwise depriving citizens of their constitutional and statutory rights, privileges and immunities.

69.   Defendant St. Louis County's failure to implement new and/or additional programs of the type described above, in light of knowledge of the pattern and practice of its officers, rendered whatever training programs it had in place, if any, constitutionally deficient and wholly ineffective to prevent the type of harm that was suffered by Plaintiff.

70.   Defendant St. Louis County's failure to institute new and/or additional training programs, despite knowledge of its officers' unlawful pattern and practices, amounted to deliberate indifference to the rights of its citizens to be secure against the unlawful and unreasonable seizure of their person, the use of excessive force and the right to substantive due process as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.  The failure to institute such training programs further evidences a conscious disregard for its citizens' other constitutional and statutory rights as guaranteed by the United States Constitution and federal and Missouri law.

71.   The failure of Defendant St. Louis County, as the policymaker for the St. Louis

17

County Police Department, to act affirmatively in the face of transgressions about which they knew or should have known establishes the policy of Defendant St. Louis County to engage in, condone and otherwise tolerate the constitutionally violative conduct alleged in this Complaint. Had Defendant St. Louis County acted affirmatively in properly disciplining, supervising and/or training its officers when such officers conducted themselves in constitutionally violative ways, the constitutional deprivations suffered by Oldcroft would not have occurred.

72.    If Oldcroft prevails, he is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Oldcroft prays for judgment against Defendant St. Louis County for an award of compensatory damages that is just and reasonable, plus the costs of this action, attorneys' fees and such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT VI – UNLAWFUL SEARCH AND DEPRIVATION OF PROPERTY
### (Against Defendants Battelle, Bayes, Brillos, Paszkiewicz, Burke, Garrett, Gomez, Martinez, Noonan and Plemon)

73.    By this reference, Oldcroft incorporates each and every allegation and averment contained in paragraphs 1 through 72 of this Complaint as though fully set forth herein.

74.    Defendants Battelle, Bayes, Brillos and Paszkiewicz used excessive force in arresting Plaintiff, and in doing so, deliberately intended to cause harm and injury to Oldcroft unrelated to the legitimate object of using the necessary amount of force to subdue him and place him under arrest. Instead, their purpose was to coerce Oldcroft's confession and cooperation. Defendants Burke, Garrett, Gomez, Martinez, Noonan and Plemon failed to intercede while the other Defendants were beating Oldcroft. As a result, the Defendants obtained from Oldcroft

permission to search his home and vehicle, when otherwise he would not have given it.

75.    During the search of Oldcroft's residence, Defendants Battelle, Bayes, Brillos, Paszkiewicz, Burke, Garrett, Gomez, Martinez, Noonan and Plemon seized Oldcroft's money, jewelry and other personal effects.  None of the items taken were properly accounted for; in fact, a police report of the incident indicates that nothing was taken from the residence.

76.    Defendant Battelle's, Bayes', Brillos', Paszkiewicz's, Burke's, Garrett's, Gomez's, Martinez's, Noonan's and Plemon's actions in this regard were shocking to the conscience in that it amounted to an arbitrary abuse of the power entrusted in them to serve and protect the public.  The aforementioned Defendants knew that the consent given by Oldcroft was not valid in that it was coerced through physical force.  Said Defendants also knew that they were violating Oldcroft's rights in taking his property without properly accounting for it.

77.    As a direct and proximate result of the unlawful, intentional and malicious actions of Defendants Battelle, Bayes, Brillos, Paszkiewicz, Burke, Garrett, Gomez, Martinez, Noonan and Plemon committed under color of law and under each individual's authority as a St. Louis County police officer, Oldcroft was subjected to an unlawful search and seizure in violation of the Fourth Amendment and was deprived of his property in violation of his substantive due process rights under the Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. §1983.

78.    The acts of Defendants Battelle, Bayes, Brillos, Paszkiewicz, Burke, Garrett, Gomez, Martinez, Noonan and Plemon were intentional, wanton, malicious and oppressive, thus entitling Oldcroft to an award of punitive damages against said Defendants in their individual capacities.

79.    If Oldcroft prevails, he is entitled to an award of attorneys' fees and costs pursuant

to 42 U.S.C. §1988.

WHEREFORE, Oldcroft prays for judgment against Defendants Battelle, Bayes, Brillos, Paszkiewicz, Burke, Garrett, Gomez, Martinez, Noonan and Plemon, jointly and severally, for an award of compensatory damages that is just and reasonable and for punitive damages, plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT VII – ASSAULT AND BATTERY (SUPPLEMENTAL STATE LAW CLAIM)
**(Against Defendants Battelle, Bayes, Brillos, Paszkiewicz
in their individual capacities)**

80.    By this reference, Oldcroft incorporates each and every allegation and averment contained in paragraphs 1 through 79 of this Complaint as though fully set forth herein.

81.    Defendants Battelle, Bayes, Brillos, Paszkiewicz used more force than was reasonably necessary to effectuate the arrest and detention of Oldcroft, and in doing so, their actions amounted to an assault and battery under Missouri law.

82.    Said Defendants had a duty not to use more force that was necessary to effectuate the arrest and detention of Oldcroft and to use force only to accomplish legitimate aims.

83.    As a result of Defendants' assault and battery, Oldcroft sustained damages.

84.    Defendants acted intentionally, willfully and maliciously when they used excessive force in effectuating the arrest and detention of Oldcroft. They also used force on Oldcroft for an improper purpose, namely to coerce his confession and cooperation.

85.    As a proximate result of Defendants' assault and battery, Oldcroft sustained damages.

20

WHEREFORE, Oldcroft prays for judgment against Defendants Battelle, Bayes, Brillos, Paszkiewicz jointly and severally, for an award of compensatory damages that is just and reasonable and for punitive damages against the above Defendants in their individual capacities, plus the costs of this action, and for such other and further relief that the Court deems fair and appropriate under the circumstances.

Dated: October 30, 2008.

Respectfully submitted,

ROSENBLUM, SCHWARTZ, ROGERS & GLASS, P.C.

By:   /s/Gilbert C. Sison
      Gilbert C. Sison, #497754
      120 S. Central Avenue, Suite 130
      St. Louis, Missouri 63105
      Telephone: (314) 862-4332
      Facsimile: (314) 862-8050
      gsison@rsrglaw.com

      Attorney for Plaintiff, Allen Oldcroft